UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ALAN WAYNE DAVIS,

    Plaintiff,

v.                                                                 CASE NO. 6:08-cv-1864-Orl-31DAB

THE FLORIDA 5TH DISTRICT COURT
OF APPEALS, et al.,

    Defendants.

## **ORDER**

This case is before the Court on the following matters:

1.     Plaintiff has filed a second Motion for Temporary Restraining Order (Doc. No. 6, filed December 11, 2008). On November 4, 2008, the Court denied Plaintiff's Request for Preliminary Injunction. *See* Doc. No. 5.

As noted previously, the Eleventh Circuit has fashioned a four factor test for granting an injunction in this Court:

> To be entitled to injunctive relief, the moving party must establish that (1) there is a substantial likelihood that he ultimately will prevail on the merits of the claim; (2) he will suffer irreparable injury unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) the public interest will not be harmed if the injunction should issue.

*Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983) (citations omitted). "The purpose of . . . a preliminary injunction is 'merely to preserve the relative positions of the parties until a trial on the merits can be held.'" *United States v. Lambert*, 695 F.2d 536, 539-40 (11th Cir.

1983) (quoting *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981)). "Because a preliminary injunction is 'an extraordinary and drastic remedy,' its grant is the exception rather than the rule, and Plaintiff must clearly carry the burden of persuasion." *Lambert*, 695 F.2d at 539 (quoting *State of Texas v. Seatrain International, S.A.*, 518 F.2d 175, 179 (5th Cir. 1975)).

In this case, Plaintiff has not demonstrated that there is a substantial likelihood that he will prevail on the merits. Plaintiff has also failed to show that there exists a substantial threat that he will suffer irreparable injury if the temporary restraining order is not granted. Therefore, Plaintiff's motion for temporary restraining order (Doc. No. 6) is hereby **DENIED**.

2. Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 1). Although the instrument filed by Plaintiff is neatly written and otherwise legible, the Court finds that the standard pre-printed civil rights complaint form is more useful in helping the Court evaluate civil rights complaints.

Accordingly, Plaintiff is **ORDERED** to refile his civil rights complaint on the form provided as an attachment to this Order by the Clerk, within eleven (11) days from the date of this order. Plaintiff shall also provide the Clerk with one (1) additional copy of the revised complaint for each named defendant. Failure to comply with this order will result in the dismissal of this action without further notice.

3. Petitioner did not pay the filing fee or submit an Affidavit of Indigency or

other application to proceed in forma pauperis, as required by Local Rule 1.03(e).[1] Accordingly, it is Petitioner shall file an Affidavit of Indigency or other application to proceed in forma pauperis or pay the full filing fee within **THIRTY (30) DAYS** from the date of this Order. Petitioner is advised that the failure to comply with the dictates of this Order will result in the dismissal of this case without further notice.

      **DONE AND ORDERED** at Orlando, Florida, this 12th day of December, 2008.

Copies to:
sc 12/12
Alan Wayne Davis
Counsel of Record

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

---

[1] Local Rule 1.03(e) states that "[t]he Clerk shall accept for filing all prisoner cases filed with or without the required filing fee or application to proceed in forma pauperis. However, a prisoner case will be subject to dismissal by the Court, sua sponte, if the filing fee is not paid or if the application is not filed within 30 days of the commencement of the action."