UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ALAN WAYNE DAVIS,

    Plaintiff,

v.                                                            CASE NO. 6:08-cv-1864-Orl-31DAB

THE FLORIDA FIFTH
DISTRICT COURT OF
APPEAL, et al.,

    Defendants.

## **ORDER OF DISMISSAL**

Plaintiff, confined in a Florida prison and proceeding *pro se*, initiated this action by filing a complaint *inter alia* pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A(b), courts are required to conduct an initial screening of certain civil suits brought by prisoners to determine whether the suit should proceed:[1]

    (b)    Grounds for Dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

            (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

            (2)    seeks monetary relief from a defendant who is immune from such relief.

---

[1] This review process was implemented in an effort to reduce meritless prisoner litigation. *Green v. Nottingham*, 90 F.3d 415, 1417 (10th Cir. 1996); *See* H.R.Rep. No. 104-378, 104th Cong., 1st Sess. 166.

In addition, 28 U.S.C. § 1915(e) directs the court to dismiss actions which are frivolous or malicious, fail to state a claim for relief, or seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e). A complaint is frivolous if it is without arguable merit either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Cofield v. Alabama Public Service Com'n*, 936 F.2d 512, 515 (11th Cir. 1991); *Patterson v. Wauwatosa Police Department*, 930 F.Supp. 1293, 1294 (E.D. Wis. 1996). Additionally, the Court must read the plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).

Plaintiff alleges that the judges and staff of the Fifth District Court of Appeal of Florida and the officers of the Daytona Beach Police Department and Volusia County Sheriff's Department have conspired against him by failing to arrest and convict others, including themselves, of violating the same statutes he was convicted of violating. In case number 6:07-cv-566-Orl-31KRS, Plaintiff filed a similar complaint which this Court dismissed with prejudice as frivolous. *See* Case Number 6:07-cv-566-Orl-31KRS, Doc. No. 21. Plaintiff appealed, and the Eleventh Circuit Court of Appeals affirmed. *Id.* at Doc. No. 25. In affirming, the appellate court concluded:

> Here, the district court did not abuse its discretion in sua sponte dismissing [Plaintiff's] 140-page complaint as frivolous because, as the district court determined, his allegations were clearly baseless and without arguable merit in fact, and he is simply employing "the legal system as a tool to intimidate and heckle those he imagines have done him wrong."

*Id.* at 8. The instant action relates to the same actions and inactions as those alleged in Plaintiff's prior case wherein he sued, among others, law enforcement officers and judges involved in his state criminal proceeding. Moreover, Plaintiff sued various members of the Fifth District Court of Appeal in his prior case. The primary difference between Plaintiff's previous action and the instant action is that in this case Plaintiff is suing different police departments. As such, the Court concludes that the instant action must be dismissed as it is frivolous.

Additionally, Plaintiff has filed a Motion to Disqualify Judge (Doc. No. 9, filed December 29, 2008) pursuant to 28 U.S.C. Section 455.[2] Only personal bias, not judicial bias, is sufficient to justify recusal of a judge. *Jaffree v. Wallace*, 837 F.2d 1461, 1465 (11th Cir. 1988). Moreover, the bias must "'stem from personal, extrajudicial sources' unless 'pervasive bias and prejudice is shown by otherwise judicial conduct.'" *First Alabama Bank of Montgomery, N.A. v. Parsons Steel, Inc.*, 825 F.2d 1475, 1487 (11th Cir. 1987) (citation omitted), *cert. denied*, 484 U.S. 0160 (1988). Plaintiff has failed to present any evidence of

---

[2]The criterion for recusal under 28 U.S.C. § 455 states in part:

    (a)    Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

    (b)(1)    He shall also disqualify himself . . . [w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.

28 U.S.C. § 455(a), (b)(1).

a personal, pervasive bias or prejudice demonstrated by the undersigned Judge towards him.  *See Loranger v. Stierheim*, 10 F.3d 776, 780 (11th Cir. 1994) ("[A]s a general rule, a judge's rulings in the same case are not valid grounds for recusal."); *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990) ("The judge's bias must be personal and extrajudicial; it must derive from something other than that which the judge learned by participating in the case.").  Accordingly, the motion is denied.

Therefore, it is **ORDERED AND ADJUDGED** as follows:

1. This case is **DISMISSED as frivolous**.

2. Plaintiff's Motion to Disqualify Judge (Doc. No. 9, filed December 29, 2008) is **DENIED.**

3. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida this 6th day of January, 2009.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
sc 1/6
Alan Wayne Davis